OPINION OF THE COURT
Larry J. Rosen, J.
Plaintiffs bring this small claim against defendant insurance company alleging damages to their residence and contents believing such to be covered under their homeowner’s policy issued by defendant. Plaintiffs allege damages totaling $4,523.86, and bring the instant case as a small claim with a *1087 jurisdictional limitation of $1,500. Plaintiffs have been informed and fully understand that by so doing they have waived the right to judgment in an amount greater than $1,500 pursuant to this cause of action.
The specific question squarely presented herein is whether the damages alleged by plaintiffs are covered under the defendant’s homeowner’s policy issued to plaintiffs. In order to determine whether a given item of damage is so covered, it is incumbent upon the court to interpret the language of the policy which delineates the contractual obligations of the parties.
Plaintiffs allege water damage, due primarily to ice and snow backup, to their residence in the winter of 1985-1986. The policy itself clearly distinguishes between damages to the dwelling and personal property within the dwelling. The standard for damage to the dwelling itself can be found on page 6 of the policy. It states clearly that "all risks of physical loss” are covered and then lists the exceptions. Item "6” of said exceptions specifically excludes damage to the dwelling caused by "wear and tear * * * deterioration * * * wet or dry rot * * * settling, cracking, shrinking, bulging”.
This court finds, as a matter of fact, that all of the damage to the dwelling itself was caused by a gradual deterioration of the property over time and not as the result of a coverable event. Therefore, the claim must be dismissed with regard to all damage claimed to the dwelling.
There remains to be analyzed the claimed damages to personal property of the plaintiffs. On page 6 of the policy (Coverage C) defendant insures the personal property located at plaintiffs’ residence against certain perils. The peril involved in this case is item "11”, to wit, "weight of ice, snow or sleet”. The court determines that the plaintiffs have submitted sufficient evidence with regard to the $300 item to install a new window in the bathroom. This item was listed on the estimate submitted by plaintiffs of one Ronald Osinski, general contractor. The court finds this damage to have been caused by the weight of the ice and therefore is covered by the policy.
At this juncture of our analysis, it would be instructive to review UCCA 1804 governing small claims procedures. This section states, in part "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law *1088 and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”. Therefore, it is not incumbent upon the court to adhere to strict evidentiary rules as it allows evidence to be adduced at trial. In the instant case, the court has allowed plaintiff to bring into evidence that which could not be received but for the small claims arena. Specifically, the estimate of Osinski, which is signed, but not sworn to, and is undated, was accepted by the court. It is only due to the fact that this court found plaintiffs to be extremely credible and honest that it allows the estimate, when coupled with plaintiffs’ testimony, to accomplish their burden of proof. The Osinski estimate did imply that the bathroom window problem did have as its cause the weight of the ice, hence coverage. But what of the remainder of the damage to personal property claimed by the plaintiffs? Plaintiffs have alleged further damage to curtains, carpets and the like from the water. They have produced in evidence a self-prepared list of alleged prices constituting damages. Furthermore, plaintiffs have produced absolutely no expert or competent testimony concerning the cause of these damages. Section 1804 requires a small claims decision "according to the rules of substantive law”. The burden of proof is upon the plaintiffs to show by a preponderance of the credible evidence that this alleged damage was caused by a covered event. This they have failed to do. The substantive law cannot be ignored because a small claim is involved. When causation is a key issue, as in the instant case, the plaintiff is not relieved of the burden of proving by competent testimony what was the cause of the damage. Furthermore, and in any event, while it is clear that damages can be proven in a less strict manner than in a nonsmall claims setting, this does not mean that a statement prepared by plaintiffs listing prices and items, without any corroboration, is sufficient. Such a statement cannot be utilized as a measure of damages pursuant to the controlling substantive law. It follows that the remainder of damages claimed by plaintiffs to their personal property must be denied due to failure of the burden of proof on the issue of causation.
Judgment for plaintiffs in the amount of $300 together with $4.90 in court costs. In the interest of justice, the court hereby stays entry of judgment until December 20, 1986. Defendant, *1089 through attorney, may pay $304.90 to plaintiffs by December 15, 1986 and if it does so, no judgment will be entered. If the plaintiffs have not received this judgment amount by December 20, 1986, they may appear at the clerk’s office to have judgment entered and execution thereon.